**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CLIFTON MCNEIL BROOKS,

              Plaintiff,

vs.                                    Case No.  3:08-cv-126-J-32JRK

DOMESTIC VIOLENCE & STATE
ATTORNEY OFFICES, et al.,

              Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

    This cause is before the Court on Pro Se Plaintiff Clifton Brooks' Amended Complaint

(Doc. 7; Am. Compl.) and Amended Affidavit of Indigency (Doc. 8; Second Affidavit), filed

March 18, 2008, which the Court construes as a Motion for Leave to Proceed In Forma

Pauperis.

### I.    Background / Procedural History

    On February 5, 2008, Plaintiff filed a complaint alleging that his civil rights were

violated in the aftermath of a domestic violence incident which occurred between Plaintiff

and the mother of his children at Plaintiff's residence in Jacksonville in December 2004.[2]

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within ten (10) days after service of this document. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual allegations on appeal.

[2] Plaintiff also submitted an amended complaint (per the Court's instructions, see Order of Feb. 27, 2008 (Doc. 5)); however, the Amended Complaint omits many details of the original Complaint. Therefore, the Court chooses to consider both filings together, in light of the Eleventh Circuit Court of Appeals' guidance to construe a pro se litigant's pleadings liberally. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

Plaintiff avers that while at his residence, the woman, Ms. Shantell Harris, picked up a gun belonging to Plaintiff and threatened him with it. Compl. at 2. Plaintiff "grab[bed] her," "threw her to the floor," and "wrestl[ed] with her to get [his] gun," in the presence of Plaintiff's son. Id. Following the incident, Plaintiff attempted to obtain a restraining order (called an "injunction for protection" under Florida law) in state court, as authorized under Fla. Stat. § 741.30 et seq., but his petition was denied for lack of evidence. Id. at 3-4. Plaintiff claims that in connection with this state court action, the Domestic Violence Office of the court "tamper[ed with] and falsif[ied]" his statement as it appeared in his petition for injunction, id. at 4, and "got rid of [the respondent's] statement." Id. at 6. Further, Plaintiff claims that the State Attorney's Office "did not follow state regulated laws," "refused to prosecute" the respondent for threatening Plaintiff with a gun, and "withheld evidence by not using [Plaintiff's chosen] witnesses" at the injunction hearing. Id. For these violations, Plaintiff seeks damages of $100,000,000. Id.

Because Plaintiff's original Complaint appeared to make claims against persons who are immune from claims for monetary relief, see Part III, infra, the Court advised Plaintiff that his case was likely to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii) and explained the reasons therefor. See Order of Feb. 27, 2008 (Doc. 5). Plaintiff was afforded an opportunity to amend the Complaint to re-state his claims in accordance with applicable law. See id.

On March 18, 2008, Plaintiff filed an amended complaint that essentially summarized the claims contained in the original Complaint. See Am. Compl. at 1-2. No additional defendants were named, but Plaintiff asserted that his claims were based on 18 U.S.C.

§ 242 and the Equal Protection Clause of the 14th Amendment to the Constitution.[3] Id. at

1. Plaintiff repeated his claim for damages of $100,000,000. Id. at 2.

## II.     Standard of Review

A plaintiff may be allowed to commence a civil action in forma pauperis, i.e., without

payment of court filing fees, when that plaintiff declares in an affidavit to the court that he or

she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).  The court

receiving such a case, however, must dismiss a case sua sponte if, at any time, it

determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief

may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

relief."  28 U.S.C. § 1915(e)(2)(B).  Pleadings submitted by a pro se plaintiff "are held to a

less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally

construed."  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per

curiam).  Nevertheless, a court is under no duty to "re-write" plaintiff's complaint to find a

claim.  Peterson v. Atlanta Housing Authority, 998 F.2d 904, 912 (11th Cir. 1993).

## III.     Discussion

Although the Second Affidavit suggests that Plaintiff has insufficient assets to pay the

filing fee, see Second Aff. at 2-3, 6, Plaintiff's Amended Complaint is still due to be

dismissed because Plaintiff's claims seek monetary relief against defendants who are

immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B)(iii).  "The Supreme Court has

---

[3] The Court notes that 18 U.S.C. § 242 is a criminal statute barring deprivation of civil rights by any person acting under color of law.  It appears Plaintiff's claims may be better characterized as arising under 42 U.S.C. § 1983, which provides a civil cause of action for similar deprivations of rights by those acting under color of law. See O'Berry v. State Attorneys Office, 241 Fed. Appx. 654, 657-58 (11th Cir. 2007) (affirming district court's decision to construe 18 U.S.C. § 242 claim as § 1983 claim barred by statute of limitations).

'consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.'" Rosario v. Am. Corrective Counseling Servs., Inc., 506 F.3d 1039, 1043 (11th Cir. 2007) (quoting Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993)).  Although this protection does not encompass counties or other local units of government, it does include entities considered "arms of the State."  Id. (quoting N. Ins. Co. of N.Y. v. Chatham County, Ga., 547 U.S. 189, 193 (2006)).  A state may choose to waive its immunity in specific categories of cases.  See, e.g., Fla. Stat. § 768.28 (waiving immunity in certain tort cases against the State of Florida); see also Tosi v. Orange County Sheriff's Office, 2005 WL 1669407, at *1-2 (M.D. Fla. July 8, 2005).  However, even in those cases, "there remains a sphere of governmental activity immune from suit," which has been defined to encompass the discretionary, versus operational, functions of the state.  Tosi, 2005 WL 1669407, at *2 (quoting Kaiser v. Kolb, 543 So. 2d 732, 733 (Fla. 1989)).

Examining the governmental entities named as defendants here, the Court notes that the State Attorney's Office has been recognized as an "arm of the State" in Florida.  See Rosario, 506 F.3d at 1043 (accepting immunity of State Attorney's Office; analyzing immunity claim of independent contractor doing business with the State Attorney's Office).  Therefore, the State Attorney's Office is immune from suit.  See also Office of the State Attorney, Fourth Judicial Circuit of Fla. v. Parrotino, 628 So. 2d 1097, 1099-1100 (Fla. 1993) (recognizing prosecutorial immunity as "non-waivable" and closely related to judicial immunity).  Similarly, the Domestic Violence Office is part of the administrative support structure of the state court system and, therefore, is also an arm of the State.  See, e.g.,

Zabriskie v. Court Admin., 172 Fed. Appx. 906, 908-09 (11th Cir. 2006) (affirming dismissal of plaintiff's claims for monetary damages against various circuit court administrators and employees, finding defendants part of the state court system and therefore an arm of the state); Badillo v. Thorpe, 158 Fed. Appx. 208, 212-13 (11th Cir. 2005) (same, with respect to circuit court judge and administrator).

Because the State Attorney's Office and the Domestic Violence Office are both immune from suit,  Plaintiff's claims against those offices are subject to dismissal.  See 28 U.S.C. § 1915(e)(2)(B)(iii).   Plaintiff has been afforded an opportunity to amend his Complaint to show how his claims are not subject to dismissal.  Plaintiff's Amended Complaint does not cure these deficiencies, as it describes claims against the same parties named in the original Complaint based on the same alleged acts and omissions.  See Am. Compl. at 1-2.  Accordingly, it is

**RECOMMENDED**:

1.      Plaintiff's Motion for Leave to Proceed In Forma Pauperis / Affidavit of Indigency (Doc. 8) be **DENIED**.

2.      Plaintiff's Amended Complaint (Doc. 7) be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on April 21, 2008.

_James R. Klindt_
**JAMES R. KLINDT**
United States Magistrate Judge

jcd

Copies to:

Pro se Parties